UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM J. ZELLER, III )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION (AMTRAK) )<br>)<br>   Defendant. )<br>_____)<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION (AMTRAK) )<br>)<br>   Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>LIMBACH COMPANY LLC, )<br>1251 Waterfront Place, Suite 201 )<br>Pittsburgh, PA 15222 )<br>)<br>Serve:  Resident Agent )<br>CT Corporation System )<br>1015 15th Street, NW, Suite 1000 )<br>Washington, DC 20005 )<br>)<br>   Third-Party Defendant. ) | Case No.:  20-cv-03326-FYP |

## AMTRAK'S THIRD-PARTY COMPLAINT AGAINST LIMBACH COMPANY, LLC

COMES NOW, Defendant/Third-Party Plaintiff National Railroad Passenger Corporation ("Amtrak") as and for its Third-Party Complaint by its attorneys, **KIERNAN TREBACH LLP** alleges, upon information and belief, as follows:

1



## Parties

1. That at all times hereinafter mentioned the Defendant/Third-Party Plaintiff, National Railroad Passenger Corporation ("Amtrak"), is an entity with its principal office located at 60 Massachusetts Avenue, N.E., Washington, DC 2002.

2. That at all times hereinafter mentioned, Third-Party Defendant, Limbach Company LLC ("Limbach") was and still is a Delaware limited liability corporation, with its principal place of business in Pittsburgh, Pennsylvania.

3. That at all relevant times, Limbach was a limited liability corporation that is duly authorized to do business in the District of Columbia.

4. That at all relevant times, Limbach conducted, and still conducts, business in the District of Columbia.

## **Factual Background**

5. During the time period of 2016-2017, Union Station Redevelopment Corporation ("USRC") and Amtrak were jointly involved in a project (the "Project") to renovate and improve the Clayton Concourse at Washington Union Station ("Union Station").

6. Part of the Project required USRC to retain a contractor to relocate HVAC equipment in Union Station.

7. On or around June 21, 2016, USRC entered into a contract with Limbach, whereby Limbach agreed to perform certain work, including but not limited to the relocation of HVAC equipment, in furtherance of the Project.

8. Article 8.2 of the Contract, entitled "Indemnification," provides as follows:

> [Limbach] shall indemnify and hold harmless USRC, Amtrak, ISU and JLL, their officers, directors, employees, and agents, from and against any and all claims, losses, demands, damages, and liabilities of any kind, including without limitation, those for bodily injury,

sickness, or death or property damage or destruction (and including without limitation reasonable attorneys' fees and other costs and expenses related thereto), to the extent resulting from, arising out of, caused by or in connection with [Limbach's] negligence, willful misconduct or strict liability; a violation of Contractor Applicable Law or any License or Permit during the performance of the Contract Work; a breach by Contractor of any covenant or provision of this Contract or any representation or warranties made by Contractor in this Contract; or an Event of Default.

9. Pursuant to Article 7.1 and Exhibit A of the Contract, Limbach agreed to "procure and maintain insurance coverage" "for the protection and benefit of USRC, Amtrak, USI, and JLL and the Contractor." Such insurance obligation requires Limbach to maintain, *inter alia*, Worker's Compensation Insurance, Employer's Liability Insurance, All Risk Property Insurance, Professional Liability, Insurance and Commercial General Liability Insurance, with limits of at least Two Million Dollars ($2,000,000) per occurrence for a period of not less than two (2) years following the date of final payment.

10. Pursuant to Article 7.1 and Exhibit A of the Contract, Limbach agreed to "include USRC, Amtrak, USI and JLL as additional insureds for claims or losses caused in whole or in part by [Limbach]'s negligent or intentional acts, errors or omissions during [Limbach]'s operations and completed operations."

11. Pursuant to Article 2.5, entitled "Contractor to Avoid Injury or Damage," Limbach agreed to "at all times perform the Contract Work in a manner to avoid the risk of injury to its employees and other persons and damage to property, including materials or equipment incorporated or utilized in the Contract."

12. The Contract reflects an express intention to directly benefit Amtrak.

13. Amtrak is therefore an intended third-party beneficiary of the Contract.

14. On or around November 15, 2017, Plaintiff, William Zeller III ("Plaintiff"), an employee of Amtrak, alleges that he sustained personal injuries when he tripped and fell over forks

attached to an off-road forklift at Union Station approximately 35 feet west of Gate A, while trying to evade welding sparks falling from overhead from inattentive workers. (*See* Ex. A (Plaintiff's Compl.).)

15. Limbach, while performing its work under the Contract, created the falling sparks condition that Plaintiff alleges distracted him and caused him to collide with the forklift.

16. The forklift that Plaintiff collided with belonged to Limbach, and Limbach negligently left the forklift in an area where people, including the Plaintiff, would foreseeably be injured by it.

17. Plaintiff filed a lawsuit against Amtrak arising out of the November 15, 2017 incident, alleging that violations of the Federal Employers Liability Act ("FELA")

18. Amtrak denies any all liability for Plaintiff's injuries and damages and has requested strict proof thereof.

## COUNT I: CONTRACTUAL INDEMNITY

19. Amtrak adopts and incorporates the foregoing paragraphs as if fully set forth herein.

20. The Contract required Limbach to indemnify and hold Amtrak harmless against any "claims, losses, demands, damages, and liabilities of any kind, including without limitation, those for bodily injury, sickness, or death or property damage or destruction (and including without limitation reasonable attorneys' fees and other costs and expenses related thereto), to the extent resulting from, arising out of, caused by or in connection with [Limbach's] negligence, willful misconduct or strict liability."

21. Plaintiff's Complaint in this lawsuit constitutes a claim, loss, and demand for damages for bodily injury resulting from Limbach's negligence, in, *inter alia*, creating the falling

4

sparks condition and parking its forklift in a walkway where it was foreseeable that it could cause injuries to people nearby.

22. The filing of Plaintiff's Complaint therefore triggered Limbach's contractual obligation to indemnify and hold Amtrak harmless in this lawsuit.

23. Amtrak, although not a party to the Contract, is a third-party beneficiary to the Contract, because the Contract reflects an express intention to directly benefit Amtrak.

24. Therefore, Amtrak may recover for Limbach's breach of the Contract.

25. As a result of Limbach's breach of the Contract, Amtrak has been caused to suffer damages, and continues to suffer damages, in the way of attorney's fees and costs to defend against Plaintiff's action, as well as the possibility of a judgment against Amtrak in Plaintiff's favor.

26. Pursuant to the Contract, Amtrak is also entitled to recover any and all reasonable attorney's fees, other costs and expenses related to the defense of this lawsuit, from the inception of the lawsuit through the present.

WHEREFORE, Amtrak demands that Limbach indemnify and provide a defense for Amtrak in this lawsuit and that Amtrak further be awarded costs, attorney's fees, and any other relief this Court deems appropriate.

## COUNT II – EQUITABLE INDEMNITY

23. Amtrak adopts and incorporates the foregoing paragraphs as if fully set forth herein.

24. Amtrak denies any and all liability for Plaintiff's injuries and damages. However, in the event that Amtrak is adjudged liable to Plaintiff, Limbach must indemnify (and hold harmless) Amtrak, including but not limited to reimbursement/payment of any judgment, attorney's fees and costs of defense.

25. Limbach's duty to indemnify Amtrak arises to prevent an unjust, unfair, and unsatisfactory result, which would result if Amtrak had to bear a loss caused by Limbach's negligent acts and/or omissions that caused damages to the Plaintiff sought in the lawsuit.

26. Limbach's duty to indemnify Amtrak also arises because Amtrak, a party without personal fault, would have become subject to liability for the unauthorized and wrongful conduct of another, *i.e.* Limbach.

27. Should Limbach fail to indemnify Amtrak for any judgment, costs, or attorney's fees that Amtrak sustains, then Limbach would be unjustly enriched at the expense of Amtrak.

28. Accordingly, Amtrak is entitled to equitable indemnity from Limbach, because Amtrak is without fault for any damages Plaintiff may have suffered.

**WHEREFORE**, Amtrak demands judgment against Limbach for any and all sums adjudged in favor of Plaintiff against Amtrak, as well as costs of defense, attorney's fees and any other relief this Court deems appropriate.

### COUNT III – CONTRIBUTION

22. Amtrak adopts and incorporates the foregoing paragraphs as if fully set forth herein.

23. Limbach owed the Plaintiff a duty of care to avoid injuring and/or causing damages to the Plaintiff as alleged in this lawsuit.

24. Limbach knew, or reasonably should have known, that its acts and/or omissions regarding the above would result in injury of the kind alleged by Plaintiff.

25. To the extent that Plaintiff was injured and damaged, such injuries and damages were caused by the negligence of Limbach

26. Plaintiff has alleged negligence on the part of Amtrak, which Amtrak expressly denies. However, if Amtrak is found negligent in this case, then Amtrak and Limbach are joint tortfeasors. Amtrak demands contribution from Limbach for its negligent acts or omissions.

**WHEREFORE**, to the extent that Amtrak is found negligent and Plaintiff is awarded damages in this case, Amtrak demands contribution from Limbach plus costs, attorney's fees, and any other relief this Court deems appropriate.

### COUNT IV - BREACH OF CONTRACT – FAILURE TO PROCURE INSURANCE

27. Amtrak adopts and incorporates the foregoing paragraphs as if fully set forth herein.

28. Pursuant to the Contract, Limbach undertook certain duties and obligations, including of insurance coverage naming Amtrak, as well as other entities, as additional insureds therein.

29. Limbach breached the Contract and failed to procure insurance coverage naming Defendant/Third-Party Plaintiff National Railroad Passenger Corp. as well as other entities, as additional insureds pursuant to the said contracts and/or agreements and/or the terms and conditions emanating therefrom.

30. If Plaintiff sustained the injuries and/or damages alleged in his Complaint, such injuries and/or damages were sustained within the provisions of the aforesaid contracts and/or agreements and/or the terms and conditions emanating therefrom.

31. If Plaintiff sustained the injuries and/or damages as set forth in his Complaint, through any carelessness, recklessness, and/or negligence or other culpable conduct, other than that of Plaintiff, said injuries and/or damages and those of Amtrak were caused by breach of, or furtherance of and as a result of activities pursuant to the aforesaid contracts and/or agreements and/or the terms and conditions thereof and emanating therefrom by Limbach, its agents, servants

and/or employees, and if any judgment is recovered herein against Amtrak it will be damaged thereby and Limbach Defendant is or will be primarily responsible and Amtrak will be entitled to contribution and/or indemnification, in whole or in part, from Limbach as a result thereof.

32. Amtrak, although not a party to the Contract, is a third-party beneficiary to the Contract, because the Contract reflects an express intention to directly benefit Amtrak by requiring Limbach to name Amtrak as an additional insured.

33. Therefore, Amtrak may recover for Limbach's breach of the Contract.

34. As a result of Limbach's breach of the Contract, Amtrak has been caused to suffer damages, and continues to suffer damages, in the way of attorney's fees and costs to defend against Plaintiff's action, as well as the possibility of a judgment against Amtrak in Plaintiff's favor.

**WHEREFORE,** Amtrak demands, that it have judgment over and against Limbach for all or part of any verdict or judgment which may be recovered by Plaintiff, directly or indirectly, against Amtrak or in the alternative, that it have apportionment of damages, contribution and indemnification from Limbach for that degree of culpability and/or negligence with respect to any recovery by Plaintiff against Amtrak or that the liability, if any, of the Amtrak, and the Limbach be determined and that the damages, if any, be apportioned together with all costs, disbursements and legal fees incurred in the defense hereof.

### COUNT V – BREACH OF CONTRACT – FAILURE TO PERFORM WORK TO AVOID RISK OF INJURY IN VIOLATION OF ART. 2.5

35. Amtrak adopts and incorporates the foregoing paragraphs as if fully set forth herein.

36. Pursuant to the Contract, Limbach undertook certain duties and obligations, including of insurance coverage naming Amtrak, as well as other entities, as additional insureds therein.

37. Under Article 2.5 of the Contract, Limbach agreed to "perform the Contract Work in a manner to avoid the risk of injury to its employees and other persons and damage to property, including materials or equipment incorporated or utilized in the Contract."

38. Limbach breached the Contract by failing to perform its Contract Work so as to avoid injuring persons, such as the Plaintiff, as the Contract required.

39. If Plaintiff sustained the injuries and/or damages alleged in his Complaint, such injuries and/or damages were sustained within the provisions of the aforesaid contracts and/or agreements and/or the terms and conditions emanating therefrom.

40. If Plaintiff sustained the injuries and/or damages as set forth in his Complaint, through any carelessness, recklessness, and/or negligence or other culpable conduct, other than that of Plaintiff, said injuries and/or damages and those of Amtrak were caused by breach of, or furtherance of and as a result of activities pursuant to the aforesaid contracts and/or agreements and/or the terms and conditions thereof and emanating therefrom by Limbach, its agents, servants and/or employees, and if any judgment is recovered herein against Amtrak it will be damaged thereby and Limbach Defendant is or will be primarily responsible and Amtrak will be entitled to contribution and/or indemnification, in whole or in part, from Limbach as a result thereof.

41. Amtrak, although not a party to the Contract, is a third-party beneficiary to the Contract, because the Contract reflects an express intention to directly benefit Amtrak by requiring Limbach to indemnify Amtrak and name Amtrak as an additional insured.

42. Therefore, Amtrak may recover for Limbach's breach of the Contract.

43. As a result of Limbach's breach of the Contract, Amtrak has been caused to suffer damages, and continues to suffer damages, in the way of attorney's fees and costs to defend against Plaintiff's action, as well as the possibility of a judgment against Amtrak in Plaintiff's favor.

**WHEREFORE,** Amtrak demands, that it have judgment over and against Limbach for all or part of any verdict or judgment which may be recovered by Plaintiff, directly or indirectly, against Amtrak or in the alternative, that it have apportionment of damages, contribution and indemnification from Limbach for that degree of culpability and/or negligence with respect to any recovery by Plaintiff against Amtrak or that the liability, if any, of the Amtrak, and the Limbach be determined and that the damages, if any, be apportioned together with all costs, disbursements and legal fees incurred in the defense hereof.

                        Respectfully submitted,

                        **KIERNAN TREBACH, LLP**

                        */s/ Andrew Bassan*
                        Felicity A. McGrath, Esq. (DC#457511)
                        Andrew S. Bassan, Esq. (DC# 1044744)
                        1233 20th Street, NW, Suite 800
                        Washington, DC 20036
                        (202) 712-7000
                        (202) 712-7100 (facsimile)
                        fmcgrath@kiernantrebach.com
                        abassan@kiernantrebach.com
                        **Counsel for Defendant**

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on _____, 2022, a true and accurate copy of the foregoing Third-Party Complaint against Limbach to Plaintiff was served *via* U.S. Mail upon:

James M. Duckworth, Esq.
Keller & Goggin, P.C.
1528 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 735-8780
jduckworth@keller-goggin.com
*Counsel for Plaintiff*

                        */s/ Andrew Bassan*
                        Andrew Bassan, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM J. ZELLER, III<br>323 E. Street NE<br>Washington, DC 20002<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>60 Massachusetts Avenue<br>Washington, D.C. 20002 | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT
## COUNT I

1. The Plaintiff herein, William J. Zeller, III. is a citizen of the District of Columbia, 323 E. Street NE, Washington, DC 20002.

2. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principle place of business at the above address.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.


EXHIBIT A

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

8. On or about November 15, 2017, and for some time prior thereto, Plaintiff was employed by Defendant, Amtrak as a B&B Mechanic and on that date in the performance of his duties he sustained serious, permanent and painful personal injuries when he tripped and fell in a dimly lit area of Union Station, DC approximately 35 ft west of Gate A while trying to evade welding sparks falling from overhead from inattentive workers. Plaintiff was caused to sustain injuries due to the negligence and carelessness of the Defendant. As a result, Plaintiff sustained severe personal injuries hereinafter described.

9. The negligence and carelessness of the Defendant consisted of the following, inter alia:

   a) Failing to provide Plaintiff with a safe environment to work in;

   b) Failing to provide proper training and adequate safety protection;

   c) Failing to warn Plaintiff of the existence of said dangerous condition;

   d) Failing to make the work area reasonable safe for working conditions;

   e) Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

   f) Failing to correct the dangerous conditions existing thereon;

10. As a result of the aforesaid negligence of Amtrak, Plaintiff suffered injuries to his right knee. Plaintiff believes some or all of the above injuries may be permanent in nature.

11. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily

activities.

13. As a result of the aforesaid, Plaintiff has and may suffer a severe loss of his earnings and impairment to his earning capacity and power.

14. As a further result of the negligence of the Defendant, the Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

15. As a further result of the aforesaid, Plaintiff has suffered fiscal and credit rating losses, as well as having been obliged to expend large sums of money for medicines and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, and he will be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

## COUNT II

16. As Plaintiff was being taken up onto the premises of George Washington University Hospital from the ambulance which picked him up from the worksite, the EMT's dropped him off the gurney and onto the ground.

17. This caused Plaintiff further injury and complications to his legs which were injured in the worksite fall.

WHEREFORE, Plaintiff, William J. Zeller, III, claims of the Defendant, a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**KELLER & GOGGIN, P.C.**

By: /s/Voci R. Bennett
VOCI R. BENNETT, ESQUIRE
Attorney for Plaintiff